# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-365

**Caption [use short title]**

**Motion for:** Expedited Appeal

Set forth below precise, complete statement of relief sought:

Appellants seek expedited appeal of decision denying motion for preliminary injunction.

Frey v. Bruen

**MOVING PARTY:** Plaintiffs
**OPPOSING PARTY:** New York City, New York State

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Amy L. Bellantoni
**OPPOSING ATTORNEY:** Jonathan Schoepp-Wong, Philip J. Levitz

[name of attorney, with firm, address, phone number and e-mail]

The Bellantoni Law Firm, 2 Overhill Road, Suite 400
Scarsdale, NY 10583 (914) 367-0090
abell@bellantoni-law.com

NYC Law Dept. 100 Church St., NY, NY  jschoepp@law.nyc.gov
NY AG's Office, 28 Liberty St., NY, NY 10005
philip.levitz@ag.ny.gov

**Court- Judge/ Agency appealed from:** Hon. Nelson S. Roman SDNY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Amy L. Bellantoni  **Date:** 4/10/2023  **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 23-365-cv

# United States Court of Appeals
## for the
## Second Circuit

JASON FREY, BRIANNA FREY, JACK CHENG, and WILLIAM SAPPE,

*Plaintiffs-Appellants,*

v.

NEW YORK CITY, New York, STEVEN NIGRELLI, in his Official Capacity, KEECHANT SEWELL, in her Official Capacity,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

===========================================================

## APPELLANTS' MOTION FOR AN EXPEDITED APPEAL

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiffs-Appellants*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090
info@bellantoni-law.com

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................... i

PRELIMINARY STATEMENT ............................................................................ 1

LEGAL STANDARD FOR EXPEDITED APPEAL............................................. 2

RELEVANT FACTS .............................................................................................. 3

PROCEDURAL HISTORY.................................................................................... 8

I. THERE IS GOOD CAUSE FOR EXPEDITED RESOLUTION
OF THIS APPEAL................................................................................................. 9

CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Crawford v. Washington*,
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ......................................... 7

*Eagle Ins. Co.*,
 92 F.3d 57 (2d Cir. 1996) ....................................................................................... 2

*Freedom Commc'ns Inc. v. F.D.I.C.*,
 157 F.R.D. 485 (C.D. Cal. 1994) ........................................................................... 2

*Nevada Comm'n on Ethics v. Carrigan*,
 564 U.S. 117, 131 S.Ct. 2343, 180 L.Ed.2d 150 (2011) ....................................... 7

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
 142 S. Ct. 2111 (2022) .................................................................................. 3, 7, 9

*Shuttlesworth v. City of Birmingham, Ala.*,
 394 U.S. 147 (1969) ................................................................................................ 9

*United States v. Delia*,
 925 F.2d 574 (2d Cir. 1991) ................................................................................... 2

*Virginia v. Moore*,
 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) ....................................... 7

**Statutes**

28 U.S.C. § 1657 ............................................................................................................ 2

**Rules**

Fed. R. App. P. 2 ............................................................................................................ 1
Fed. R. App. P. 8(a)(1) ................................................................................................... 8
Fed. R. App. P. 27 .......................................................................................................... 1
Fed. R. Civ. P. 65 ........................................................................................................... 1

## PRELIMINARY STATEMENT

Pursuant to Fed. R. App. P. 2 and 27, Local Rule 27.1(d) and 28 U.S.C. §1657(a), Appellants respectfully submit this Memorandum of Law in support of their emergency motion to expedite their interlocutory appeal from the District Court's Order denying their application for a Preliminary Injunction pursuant to Fed. R. Civ. P. 65 Pursuant to Fed. R. Civ. P. 65 to enjoin the enforcement of **(1)** criminal statutes and penalties against licensed concealed carry handgun owners who carry outside of their license restriction [Penal Law 400.00(15)]; **(2)** a geographical restriction on the validity of a New York State pistol license issued outside of New York City [Penal Law 400.00(6)]; **(3)** criminal statutes and penalties against handgun owners who carry a handgun open and exposed (holstered) on their person for self-defense [Penal Law 265.00, *et seq.*]; **(4)** criminal statutes and penalties against licensed handgun owners who engage in Second Amendment protected conduct within the area dubbed the "Times Square" zone [Penal Law 265.01-e(2)(t)]; **(4)** criminal statutes and penalties against licensed handgun owners who engage in Second Amendment protected conduct on public transportation [Penal Law 265.01-e(1)(n)].

Appellants ask this Court to consider the instant appeal on an expedited basis because an expedited review of a matter where a preliminary injunction is granted

1

or denied is appropriate.[1]

## LEGAL STANDARD FOR EXPEDITED APPEAL

Consistent with this Court's emphasis on the expeditious resolution of appeals, Congress has allowed federal courts to expedite the consideration of any action for temporary or preliminary injunctive relief, or any other action if "good cause" is shown. 28 U.S.C. § 1657; *Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485 (C.D. Cal. 1994) (Under 28 U.S.C. § 1657, the court has broad discretion in how to organize its docket. However, certain specific actions are named the highest priority civil actions—habeas corpus actions, recalcitrant witness actions, and actions for preliminary or temporary injunctive relief). See also, *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("[C]ourts have an interest in expediting litigation…."); *United States v. Delia*, 925 F.2d 574, 575 (2d Cir. 1991) ("[W]e have an obligation to our Court, to the bar, to all litigants, and to the public to do what we can to administer our caseload expeditiously"); *United States v. Raimondi*, 760 F.2d 460, 461-62 (2d Cir. 1985) ("The prompt and orderly administration of justice has long been a subject of the most pressing concern for this Court").

As this matter involves the denial of a preliminary injunction, an expedited appeal is warranted.

---

[1] Courts shall expedite the consideration of any action for temporary or preliminary injunctive relief. See, 28 U.S.C. § 1657.

## RELEVANT FACTS

Each Appellant holds a New York State concealed carry handgun license issued by a judicial licensing officer outside of New York City.

Having been deemed by New York State to be fit and eligible to possess handguns, Appellants are challenging the enforcement of criminal penalties for merely engaging in conduct presumptively protected by the plain text of the Second Amendment – "carrying handguns publicly for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2134 (2022).

***William Sappe***

For approximately 8 years, William Sappe has held an unrestricted concealed carry license issued by a County Court Judge in Orange County, New York, without incident. Mr. Sappe is licensed as an Armed Security Guard by the State of New York and the State of California. Mr. Sappe also holds an open carry firearms permit issued by the State of California, which he has held without incident since 2015. Mr. Sappe holds unrestricted handguns licenses issued by the States of Connecticut, Florida, and Arizona.

Mr. Sappe regularly carries a handgun concealed on his person for self-protection throughout New York State, except

Mr. Sappe works in the area known as the Diamond District in New York City and, on a daily basis, transports substantial amounts of cash, diamonds, and jewelry

3

for high-end jewelers in the Diamond District, between the Diamond District and various locations in the 5 boroughs of New York City, throughout New York State, and to other states, including California and Nevada.

Penal Law section 400.00(6) renders Mr. Sappe's license invalid within the 5 boroughs of New York City (the "City"). To lawfully carry a handgun concealed in the City for self-protection, Mr. Sappe is required to seek and obtain a second license from the NYC Police Commissioner. Carrying a handgun concealed without a NYC-issued license is a misdemeanor crime subject to 1 year incarceration, $1000 fine, and revocation of Mr. Sappe's NYS pistol license. See, Penal Law 400.00(15); 400.00(1), (11).

Mr. Sappe applied to the NYPD for a validation of his NYS license under section 400.00(6) and was denied.

Mr. Sappe has expressed a present plan and intention to carry his handgun concealed to work every day in New York City for self-defense.

On his way to work, Mr. Sappe travels through the area designated as Times Square – an area where presumptively protected conduct – carrying a handgun for self-defense –is banned. Under section 265.01-e, there is no exception for licensed handgun owners; a violation results in a conviction of a Class E Felony, permanent loss of firearm rights, incarceration, fines, and other criminal and civil penalties.

4

Mr. Sappe faces imminent enforcement of criminal penalties by the NYPD and NYSP imposed under Penal Laws 265.01, 265.01-b, 265.01-e, and 400.00(15) for engaging in conduct presumptively protected by the Second and Fourteenth Amendments.

***Jason Frey***

Jason Frey holds a NYS concealed carry license issued by a County Court Judge in Westchester County, New York.

Mr. Frey carries his handgun for self-defense in New York City, on the subway, MetroNorth, and on other public transportation in Westchester County and the City. Mr. Frey does not have a separate New York City license, nor has he applied for one because the geographical restrictions of 400.00(6) violate the Second Amendment.

Mr. Frey's carriage of a handgun for self-defense on public transportation is banned by Penal Law section 265.01-e, and there is no exemption from criminal prosecution for licensed handgun owners. A violation of the law results in a conviction of a Class E Felony, permanent loss of firearm rights, incarceration, fines, and other criminal and civil penalties.

Mr. Frey also regularly carries his handgun concealed for self-defense on private property, including gas stations, restaurants that also happen to serve alcoholic beverages, the movie theater, and other stores, without first seeking and/or

5

obtaining permission. Mr. Frey faces imminent enforcement of criminal penalties by the NYPD and NYSP imposed under Penal Laws 265.01, 265.01-b, 265.01-d, 265.01-e, and 400.00(15) for engaging in the above conduct, which is presumptively protected by the Second and Fourteenth Amendments.

***Open Carry***

While the concealed carriage (CCW) of a handgun in New York remains a privilege subject to a 'may issue' licensing scheme and a licensing officer's broad discretion to deny, revoke, and suspend a CCW license using subjective factors, the open carriage of a handgun in New York State is outright banned.

A licensed handgun owner who carries a handgun open and holstered in New York State faces arrest, incarceration, felony charges, fines, and other criminal and civil penalties under Penal Law 265.00, *et. seq*.

Appellants Sappe and Frey have expressed their present intention to carry a handgun open and holstered for self-defense, which will subject them to criminal prosecution under Penal Law 400.00(15), 265.01, and 265.01-b.

***Appellees' Intention to Enforce the Challenged Laws***

The New York Police Department and New York State Police have publicly threatened to arrest anyone who violates the state's firearms laws, and the NYPD has advised Mr. Frey that he will be arrested if he carries a handgun into New York City because his Westchester County license is "no good" there.

6

Appellants' likelihood of success in this action is substantial because there is no historical analogue for the challenged regulations. In 1971, the time period to which the interpretation of the Bill of Rights is 'pegged' [*Bruen*, at 2137][2], there was no requirement that an individual seek permission from the government to exercise the right to keep and carry weapons for self-defense.

The idea that, having obtained such a license, one must seek yet more permission from a local government within the same state is entirely *inconsistent* with the plain text of the Second Amendment. As is subjecting individuals to criminal penalties for carrying a handgun in places where the general public congregates (Times Square) and the means of transportation to get to and from everyday life events (public transportation).

Appellants request that this Court: (1) expedite its review of this matter; (2) review *de novo* the lower court's denial of their motion for a preliminary injunction; (3) enter an Order permanently enjoining the challenged statutes or, in the alternative, Order such action by the lower court; and (4) remand this matter to the lower court for further adjudication of Appellants' remaining claims.

---

[2] "And we have generally assumed that the scope of the protection applicable to the Federal Government and States is pegged to the public understanding of the right when the Bill of Rights was adopted in 1791." *Bruen*, at 2137–38 citing, *Crawford v. Washington*, 541 U.S. 36, 42–50, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (Sixth Amendment); *Virginia v. Moore*, 553 U.S. 164, 168–169, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (Fourth Amendment); *Nevada Comm'n on Ethics v. Carrigan*, 564 U.S. 117, 122–125, 131 S.Ct. 2343, 180 L.Ed.2d 150 (2011) (First Amendment).

## PROCEDURAL HISTORY

On June 16, 2021, Appellants filed their Complaint in the Southern District of New York, which was assigned to the Hon. Nelson S. Roman. [District Court Docket ("Dkt.") Entry No. 1].

Appellants sought a preliminary injunction in July 2021 [Dkt. 8], oral argument was held on February 1, 2022, and denied on February 22, 2022. [Dkt. 37].

On August 26, 2022, Appellants sought leave to file a second motion for a preliminary injunction [Dkt. 39], which the lower court neither approved nor denied.

On October 14, 2022, Appellants filed an Order to Show Cause for their third request for a preliminary injunction. [Dkt. 48-53]. The State Appellee filed his opposition on November 30, 2022 [Dkt. 63-65] and the New York City Appellee field her opposition on November 30, 2022 [Dkt. 66-68].

On December 15, 2022, Appellants filed their reply. [Dkt. 73-74].

Oral argument on the motion was held on March 10, 2023, and by Opinion and Order dated March 13, 2023, the lower court denied Appellants' motion for a preliminary injunction. [Dkt. 80].

Appellants timely filed a Notice of Interlocutory Appeal on March 16, 2023. [Dkt. 81]. Consistent with the requirements of FRAP 8(a)(1), and on March 16, 2023, Appellants moved in the lower court for an injunction pending this appeal. [Dkt. 82-85].

On February 21, 2023, the lower court denied Appellants' motion "for the reasons set forth in this Court's Memorandum & Order dated February 14, 2023." [Dkt. Sheet].

## I. THERE IS GOOD CAUSE FOR EXPEDITED RESOLUTION OF THIS APPEAL

The challenged regulations criminalize conduct that the Constitution presumptively protects. And it is beyond cavil that criminalizing the mere exercise of an enumerated right violates the Constitution. See, *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969) (reversing conviction under statute criminalizing First Amendment-protected conduct for failure to obtain a government license).

The Second Amendment is not a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2156 (2022) (citation omitted).

The right to carry a handgun in public for self-protection is presumptively protected. *Bruen*, at 2134 ("We therefore turn to whether the plain text of the Second Amendment protects Koch's and Nash's proposed course of conduct—carrying handguns publicly for self-defense. We have little difficulty concluding that it does.").

There is no historical analogue for criminalizing the act of peaceably carrying a handgun for self-defense in public.

9

Jason Frey and William Sappe expressed their concrete plans and intention to carry their handguns concealed on their person in New York City for self-protection without having obtained permission from the NYPD via a separate New York City license.

Any handgun owner with a valid NYS handgun license issued outside of New York City that carries a handgun registered thereon inside of the 5 boroughs without obtaining a separate New York City license is guilty of a Class A misdemeanor and revocation of one's license. Penal Law 400.00(15); 400.00(11).

But the geographical restrictions of 400.00(6) have no historical analogue and are *inconsistent* with the plain language of the Second Amendment, as is its criminal and civil penalties.

Every day that Mr. Sappe travels to work, he drives through the now "gun free zone" defined as Times Square, which is made up of public streets and privately owned buildings. Driving through the Times Square area while carrying his legally owned handgun subjects Mr. Sappe to felony charges, arrest, incarceration, and the loss of his Second Amendment rights under Penal Law section 265.01-e. Mr. Frey travels on public transportation armed with a handgun for self-defense, which subjects him to the same criminal penalties under Penal Law 265.01-e.

10

New York State has a blanket ban on open carry; and the ability to carry concealed remains a privilege subject to a subjective and discretionary, may-issue licensing scheme.

The challenged regulations so patently and obviously violate the plain text of the Second Amendment, particularly in light of *Bruen* – and the Supreme Court's abrogation of 'means end scrutiny' - that delaying an injunction of the challenged statutes is overtly repugnant to the Second Amendment.

The outcome of this appeal, and the outcome of the pending motion for a preliminary injunction, will affect the rights of numerous New York State residents, including Appellants, whose Second Amendment rights are being irreparably harmed.

## CONCLUSION

In light of the preceding, Appellants request that this court grant them an expedited appeal and briefing schedule as follows:

    Appellants' Principal Brief By:    April 24, 2023

    Appellees' Brief in Response By:    May 8, 2023

    Appellants' Reply Brief By:    May 15, 2023

Dated: April 10, 2023
    Scarsdale, New York

                                                        The Bellantoni Law Firm, PLLC
                                                       *Attorneys for Appellants*

                      By:    *Amy L. Bellantoni*
                              Amy L. Bellantoni
                              2 Overhill Road, Suite 400
                              Scarsdale, New York 10583
                              (914) 367-0090
                              abell@bellantoni-law.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word 2016 and, according to that software, it contains 2343 words, not including the cover, Table of Authorities, Table of Contents, or this Certificate of Compliance.

*Amy L. Bellantoni*
Amy L. Bellantoni