

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

April 20, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

      Re:   *Frey v. Bruen*, No. 23-365

Dear Ms. Wolfe:

I represent the state defendant-appellee, Acting Superintendent of the New York State Police Steven Nigrelli, in the above-captioned appeal. I write in response to plaintiffs-appellants' motion for an expedited appeal. *See* ECF No. 25. This Court should deny plaintiffs' request to expedite defendants' appellee brief deadline and instead allow defendants to file their appellee briefs under the normal briefing schedule of Local Rule 31.2(a)(1)(B).[1]

## I. Background

Nearly two years ago, in June 2021, plaintiffs filed this action in the U.S. District Court for the Southern District of New York, alleging that several provisions of New York state and city law were inconsistent with the Second Amendment. Dist. Ct. ECF No. 1. In February 2022, the district court (Román, J.) denied plaintiffs' motion for a preliminary injunction. Dist. Ct. ECF No. 37.

In June 2022, the U.S. Supreme Court decided *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Four months later, in October 2022, plaintiffs

---

[1] Insofar as plaintiffs request expedition of any aspect of this appeal other than defendants' appellee brief deadline, the state defendant takes no position on plaintiffs' request.

28 LIBERTY STREET, NEW YORK, NY 10005-1400 • PHONE (212) 416-8020 • FAX (212) 416-8962 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

filed the renewed preliminary injunction motion now on appeal, arguing that *Bruen* altered relevant legal standards. Dist. Ct. ECF No. 48.[2]

On March 13, 2023, the district court denied in part and stayed in part the renewed preliminary injunction motion now on appeal in a thoroughly reasoned, 44-page opinion. *See* Dist. Ct. ECF No. 80. Plaintiffs noticed this appeal three days later. Dist. Ct. ECF No. 81. However, plaintiffs did not file the instant motion for an expedited appeal until nearly a month later, on April 10. ECF No. 25.[3] In their motion, plaintiffs nonetheless propose to give defendants just two weeks to file their appellee briefs. *Id.* at 11.

II.     **Argument**

Plaintiffs fail to show good cause for their proposed expedited deadline for defendants' appellee briefs. First, plaintiffs' proposed schedule is unreasonable. Second, their proposed schedule would severely prejudice defendants. And, third, plaintiffs are unlikely to succeed on the merits of their appeal, and thus would not benefit from expedition.

*First*, plaintiffs' proposed expedited deadline for defendants' appellee briefs is unreasonable, particularly in light of plaintiffs' own failure to proceed with expedition in this litigation, and their request for substantially more time to prepare their own brief than defendants would have to prepare their appellee briefs.

Plaintiffs filed this lawsuit nearly two years ago and did not file the renewed motion for a preliminary injunction currently on appeal until months after *Bruen*, the decision that ostensibly provided the basis for their renewed motion. Plaintiffs also did not seek to expedite review of their renewed motion in the district court. And, after the district court denied their renewed motion on March 13, plaintiffs did not move to expedite their appeal in this Court until nearly a month later.

In their belated motion to expedite this appeal, plaintiffs propose that they get six weeks from the district court's decision to prepare their opening brief, but that defendants get only two weeks to prepare their appellee briefs. ECF No. 25, at 11. That schedule is not only unreasonable, but also inequitable. Defendants should not bear the brunt of plaintiffs' purported yet belated claim of urgency.

Moreover, plaintiffs do not identify any reason that their proposed expedited deadline for defendants' appellee briefs would be appropriate. Plaintiffs note that this

---

[2] In August 2022, plaintiffs had filed an earlier renewed motion, which was promptly denied for being improperly filed. Dist. Ct. ECF No. 38.

[3] Plaintiffs also did not file the required appeal forms until April 10, after the Court issued orders deeming the appeal in default for failure to timely file the forms. ECF Nos. 17-18, 20-21.

is an appeal from an order denying a preliminary injunction. But preliminary injunction appeals are not among the classes of appeals that this Court has deemed ordinarily appropriate for expedition. *See* Local Rule 31.2(b)(1) (identifying *other* matters for which expedited briefing is appropriate). And the only cases on which plaintiffs rely that address expedition (*see* ECF No. 25, at 2) do not involve preliminary injunctions. The mere fact that plaintiffs are appealing the denial of a preliminary injunction motion provides no basis for the unreasonably expedited appellee brief deadline they propose.[4]

*Second*, plaintiffs' proposed expedited deadline for defendants' appellee briefs would severely prejudice defendants. Given the numerous significant underlying Second Amendment and standing issues in this case, defendants need time to prepare thorough briefs that will provide maximum assistance to this Court. Moreover, given the significance of the issues on appeal, counsel for the state defendant needs time to complete an extensive review process within the Office of the Attorney General and with our client, the New York State Police. The two weeks plaintiffs proposed for defendants' appellee briefs is not nearly sufficient time for counsel to prepare a thorough appellee brief and complete the necessary layers of review. That is especially so when undersigned counsel has deadlines for filing another appeal brief and making a determination as to whether to appeal in another matter in the same two-week period plaintiffs propose for preparing appellee briefs in this appeal.[5] Moreover, the supervisor reviewing this matter is supervising two briefs in the U.S. Supreme Court and a brief in the Fifth Circuit due in the same two-week period.

*Third*, plaintiffs are unlikely to succeed on the merits of their appeal, and thus would receive no benefit from expedition. Plaintiffs' motion makes no argument as to how the district court abused its discretion in denying a preliminary injunction—presumably because the court did not. *Cf. Connecticut State Police Union v. Rovella*, 36 F.4th 54, 61 (2d Cir.) (denial of preliminary injunction reviewed for abuse of discretion), *cert. denied*, 143 S. Ct. 215 (2022).

As the district court correctly concluded in its extensively reasoned opinion, plaintiffs lack standing to challenge many of the provisions they purport to challenge because they have not alleged any concrete injury from those provisions that is redressable by the defendants. *See* Dist. Ct. ECF No. 80, at 11-23. As the district court

---

[4] Plaintiffs' proposed deadline also gives the defendants substantially less time to prepare their appellee briefs than in other expedited appeals in this Court, for which appellees get 35 days to prepare their briefs. *See* Local Rule 31.2(b)(3)(B).

[5] Plaintiffs also have indicated to undersigned counsel that they may file a motion for an injunction pending appeal in this Court shortly. Accordingly, undersigned counsel may well need to prepare an opposition to plaintiffs' planned motion for an injunction pending appeal in the same two-week period that plaintiffs proposed for defendants' appellee briefs.

3

also correctly concluded, Second Amendment challenges to the constitutionality of other provisions that the district court believed plaintiffs do have standing to challenge are meritless because those provisions are consistent with the Second Amendment pursuant to *Bruen*. *See id.* at 23-28, 31-42. And Second Amendment challenges to yet other provisions plaintiffs challenge are already fully briefed and awaiting decision in this Court in *Antonyuk v. Nigrelli*, No. 22-2908(L), and *Christian v. Nigrelli*, No. 22-2987. The district court appropriately exercised its discretion in staying its review of those provisions pending forthcoming governing decisions from this Court, in the interest of judicial economy. *See* Dist. Ct. ECF No. 80, at 28-31. Indeed, the forthcoming decisions from this Court in *Antonyuk* and *Christian* (and three other appeals argued with them) may provide important guidance on the interpretation of *Bruen* relevant to all of plaintiffs' challenges in this appeal—providing yet more reason to avoid expedited briefing here before the parties and the Court have the benefit of this Court's decisions in the related appeals.

### III. Conclusion

For all these reasons, plaintiffs' request to expedite defendants' appellee brief deadline should be denied.[6]

Respectfully submitted,

/s/ Philip J. Levitz

Philip J. Levitz
Assistant Solicitor General
(212) 416-6325

Word Count: 1320

---

[6] Alternatively, this Court should issue a scheduling order that gives defendants at least the same six weeks to file their appellee briefs that plaintiffs requested to file their opening brief.

4