# 23-365

## United States Court of Appeals for the Second Circuit

JASON FREY, BRIANNA FREY, JACK CHENG, and WILLIAM SAPPE,

*Plaintiffs-Appellants*,

*against*

NEW YORK CITY, New York, KEECHANT SEWELL, in her official capacity, and STEVEN NIGRELLI, in his official capacity,

*Defendants-Appellants*.

On Appeal from the United States District Court for the Southern District of New York

**MEMORANDUM OF LAW IN OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE THE APPEAL**

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*
*of the City of New York*
Attorney for Municipal Appellees
100 Church Street
New York, New York  10007
212-356-2275 or -2502
jschoepp@law.nyc.gov

RICHARD DEARING
CLAUDE S. PLATTON
JONATHAN SCHOEPP-WONG
  *of Counsel*

April 20, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

OVERVIEW OF THE CASE .................................................................................. 3

REASONS TO DENY THE MOTION .................................................................... 8

    A.  The issues at stake in this appeal deserve to be briefed on a non-expedited schedule. ......................................................... 9

    B.  Plaintiffs offer no valid reason to expedite briefing. ................ 12

CONCLUSION ....................................................................................................... 15

CERTIFICATE OF COMPLIANCE ...................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*N.Y. State Rifle & Pistol Ass'n v. Bruen*,
  142 S. Ct. 2111 (2022) ............................................................... *passim*

*Ord v. Dist. of Columbia*,
  No. 10-7084, 2010 U.S. App. LEXIS 24156 (D.C. Cir. Sept.
  30, 2010) ........................................................................................ 13

*United States v. Rahimi*,
  No. 21-110001, 2023 U.S. App. LEXIS 5114 (5th Cir. Mar.
  2, 2023) ............................................................................................ 9

*United States v. Samples*,
  897 F.2d 193 (5th Cir. 1990) ........................................................... 13

**Statutes**

28 U.S.C. § 1657 ................................................................................ 13, 14

N.Y. Penal Law § 265-01 ......................................................................... 4

N.Y. Penal Law § 400.00 ......................................................................... 3

**Other Authorities**

Fed. R. App. P. 29 .................................................................................. 11

Local Rule 31.2 ...................................................................................... 13

## PRELIMINARY STATEMENT

In this interlocutory appeal, three individual plaintiffs challenge, among other things, New York State's longstanding prohibition against carrying a weapon openly (as opposed to concealed) and the requirement of a city-specific permit to carry a concealed firearm in New York City, as well as the provisions of the recently enacted Concealed Carry Improvement Act (CCIA) designating Times Square and public transportation as "sensitive locations" in which firearms are generally forbidden. The U.S. District Court for the Southern District of New York (Román, J.) denied a preliminary injunction. Plaintiffs' current motion demands that this Court dramatically expedite the briefing of the appeal, including by shortening defendants' time to respond to the as-yet-unfiled appeal brief to just two weeks.

The Court should deny appellants' motion. This case implicates important questions about the government's ability to regulate firearms in the public square following the Supreme Court's far-reaching decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Having already heard oral argument in five cases involving the CCIA—the very statute at the heart of plaintiffs' challenge—this Court

is also poised to weigh in on such matters for the first time in the post-*Bruen* legal landscape.[1] Requiring defendants to brief this case on an expedited schedule would thus not only be highly prejudicial to defendants, but would also deny the parties the opportunity to consider this Court's guidance from the outset, potentially requiring supplemental briefing. Nor have plaintiffs identified any compelling reason to ignore these harms to justify expedition, as demonstrated by their lackadaisical efforts to litigate this matter before the district court and before this Court.

For all these reasons, the motion to expedite the appeal should be denied, with appellees' briefs to be submitted in the normal course and oral argument to be scheduled after this Court issues a decision in the five pending Second Amendment cases concerning the CCIA.[2]

---

[1] These cases are *Antonyuk v. Nigrelli*, Dkt. Nos. 22-2908(L), 22-2972(Con); *Hardaway v. Nigrelli*, Dkt. No. 22-2933; *Christian v. Nigrelli*, Dkt. No. 22-2987; *Gazzola v. Hochul*, Dkt. No. 22-3068; and *Spencer v. Nigrelli*, Dkt. No. 22-3237, which were argued on March 20, 2023.

[2] The City also joins the State's opposition to plaintiffs' motion to expedite appellees' briefs in full, and similarly takes no position on the deadline that appellants wish to set for their own briefs.

## OVERVIEW OF THE CASE

Plaintiffs, who reside in New York State but outside New York City, commenced this action on June 16, 2021, to force the City and State to allow them to carry firearms openly (as opposed to concealed) and without restriction throughout New York State, including in New York City (SDNY ECF No. 1). State law has long permitted only the concealed carry of firearms and required a separate "special permit," issued by the NYPD, for any New York State licensee to carry a firearm within New York City. N.Y. Penal Law § 400.00(2) (permitting only concealed-carry licenses); *id.* § 400.00(6) (New York City special-permit requirement). By the time they brought suit, each plaintiff had owned firearms for several years without the ability to carry openly or within the City (SDNY ECF Nos. 50–53), yet they did not seek a preliminary injunction until August 9, 2021 (SDNY ECF No. 9). The district court denied that motion on February 22, 2022 (SDNY ECF Nos. 9, 21).

A few months later, on June 23, 2022, the Supreme Court decided *Bruen*. That decision not only concluded that the "proper cause" requirement then applicable in New York for an unrestricted license to carry a concealed firearm violated the Second Amendment, but also

3

upended the law in this Circuit that had been applicable to plaintiffs' Second Amendment claims. *See Bruen*, 142 S. Ct. at 2127. Following *Bruen*'s issuance, on July 1, 2022, the New York Legislature enacted the Concealed Carry Improvement Act, which, among other things, revamped the firearms licensing process throughout the state and prohibited firearms in several sensitive locations. These places include areas of public transportation, including "subway cars" and "train cars," as well as "the area commonly known as Times Square" in New York City. N.Y. Penal Law § 265-01(e)(n), (t).

Plaintiffs waited a month and a half, until August 12, 2022, to file another preliminary injunction motion arguing that *Bruen* supported their claims (SDNY ECF No. 38). The district court denied that motion because plaintiffs had improperly filed it (SDNY ECF No. 38). On September 1, 2022, the district court also dismissed the original complaint against the state defendant for lack of subject matter jurisdiction (SDNY ECF No. 44). After waiting yet another month, plaintiffs finally filed an amended complaint on October 4, 2022, which they amended again ten days later (SDNY ECF Nos. 46, 47). Plaintiffs

filed a third motion for a preliminary injunction—largely mimicking their previous one—on October 20, 2022 (SDNY ECF No. 53).[3]

That third motion is at issue in this appeal. Plaintiffs declared that they intended to violate New York's firearm laws in several different respects and argued that post-*Bruen*, the Second Amendment allowed them to carry their firearms openly, in any sensitive location, and in New York City without obtaining a city-specific license (SDNY ECF No. 53). In opposition, defendants contended that plaintiffs lacked standing to challenge many aspects of the firearms laws that they sought to attack, and that these laws otherwise satisfied the Second Amendment. Defendants also submitted extensive, nationwide historical materials containing hundreds of analogous regulations demonstrating that the laws at issue were fully consistent with the "historical tradition" of firearms legislation throughout the country (SDNY ECF Nos. 63–68).

---

[3] Plaintiff Jack Cheng did not submit a declaration in support of the preliminary injunction, and the district court concluded that he was not a party to the motion (SDNY ECF No. 80 at 7 n.2).

5

On March 13, 2013, the district court stayed several aspects of plaintiffs' motion pending a decision from this Court in *Antonyuk v. Nigrelli*, Dkt. Nos. 22-2908(L), 22-2972(Con), and *Christian v. Nigrelli*, Dkt. No. 22-2987 (SDNY ECF No. 80). As the court explained, both of those cases involved several key provisions of the CCIA that plaintiffs had challenged, including the prohibition against firearm possession on private property without the owner/lessee's express consent, as well as the firearms prohibition in public parks, theaters, and restaurants with on-premises alcohol consumption (*id.* at 28–30).

The district court denied the remainder of plaintiffs' motion. First, because each of the plaintiffs possessed firearms licenses, plaintiffs lacked standing to challenge those provisions of the New York Penal Law that criminalized certain types of possession without a license (*id.* at 12–14). Plaintiffs also lacked standing to challenge any sensitive location restrictions to which they did not claim that they intended to travel (*id.* at 17–18). And, because plaintiffs had not asserted that they intended to carry their firearms openly at any particular time, they lacked standing to challenge that limitation as well (*id.* at 21–22).

Second, to the extent plaintiffs had standing regarding any of their challenges, the district court denied a preliminary injunction for failure to demonstrate a likelihood of success. For the requirement that firearms licensees obtain a special permit to carry within New York City, the court concluded that a long history of municipal gun regulation from 1750 to the late 19th century supported the City's ability to issue its own firearms licenses (*id.* at 25–26). Even assuming plaintiffs had standing to challenge the open-carry ban, the court also held that laws since "antebellum America" supported this type of regulation as to the "manner of public carry" (*id.* at 28). And, regarding the only remaining sensitive locations for which plaintiffs had standing, Times Square and government-operated MTA subway and train cars, the court held that prohibiting firearms in either location did not violate the Second Amendment in light of, *inter alia*, the historical tradition of banning firearms where large groups of people congregate, the government's ability to exclude firearms from its own property, and rail companies' historical ability to exclude firearms (*id.* at 31–42).

On March 16, 2023, three days after the district court's order, plaintiffs noticed an interlocutory appeal and moved the district court

7

for a preliminary injunction pending appeal (SDNY ECF No. 81). After waiting nearly another month, plaintiffs filed this motion on April 10, 2023, seeking to expedite this appeal, giving themselves until April 24, 2023, to file their own brief (six weeks since the district court's order) and defendants just two weeks to file an opposition. On April 13, 2023, the district court also denied plaintiffs' motion for a preliminary injunction on appeal (SDNY ECF No. 88).[4]

## REASONS TO DENY THE MOTION

Plaintiffs offer no compelling reason to expedite briefing of this appeal in light of the novel and significant constitutional questions that this case raises post-*Bruen*, much less a basis to compress defendants' response time to a mere two weeks while granting themselves almost a month and a half to prepare their brief. Many of the issues in this case are also related to those that this Court will soon decide in several Second Amendment appeals that have already been fully briefed and argued. Given the significance of the issues at stake, the Court should

---

[4] Although plaintiffs claim that the district court denied their motion for an injunction pending appeal on February 21, 2023 (ECF No. 25 at 9), that assertion is plainly incorrect given that the district court had not even decided the preliminary injunction motion from which this appeal arises as of that date.

reject plaintiffs' attempt to force this Court and the parties to rush headlong to decision without adequate time for proper briefing.

### A. The issues at stake in this appeal deserve to be briefed on a non-expedited schedule.

As this Court is well aware, *Bruen* cast aside long-standing precedent applying means-end scrutiny in the Second Amendment context. In its place, the Supreme Court announced a novel mode of analysis focusing exclusively on the amendment's text and whether a firearm regulation "is consistent with the Nation's historical tradition of firearm regulation," *Bruen*, 142 S. Ct. at 2127–30—a standard that at the time was untested in any other area of law. To date, very few appellate decisions have weighed in on *Bruen*'s proper application, and none have addressed the breadth of issues raised in this case. Similar questions may soon return to the Supreme Court, *see, e.g.*, *United States v. Rahimi*, No. 21-110001, 2023 U.S. App. LEXIS 5114 (5th Cir. Mar. 2, 2023) (invalidating 18 U.S.C. § 922(g)(8)'s ban on firearm possession by those under domestic violence restraining orders), *pet'n for certiorari filed* Mar. 17, 2023, further demonstrating that this is a fast-developing and complex area of law.

9

This Court's first opportunity to apply *Bruen*'s new framework will arise when the Court decides five recently argued Second Amendment cases concerning the very same statute at issue in this case, the CCIA (*see supra* n.1). In each of these cases, this Court will confront many of the same questions underlying this case, including the proper use of legislative analogs from the 18th and 19th century, the sensitive-place doctrine, and standing under the Second Amendment. These decisions may thus define how this Circuit will approach many critical Second Amendment issues post-*Bruen*, providing invaluable guidance regarding the proper analysis of this case.

Yet plaintiffs would compel the parties to brief this appeal on an extremely expedited schedule that ensures that the parties will not benefit from any of this Court's insights. Indeed, rather than advancing this appeal, plaintiffs' proposal may instead have the perverse consequence of delaying this matter to the extent that supplemental briefing may become necessary to address this Court's decision in the foregoing cases. By contrast, briefing in the ordinary course may permit the parties to incorporate that decision into a single round of

submissions, limiting the need for duplicative efforts while allowing the parties to give these important issues the attention that they deserve.

Plaintiffs' proposed schedule may also undermine the ability of amici to participate in this case, further limiting the views available to this Court when it decides this case. As the extensive amicus participation in this Court's post-*Bruen* cases makes abundantly clear, governmental regulation of firearms in the public square is an issue of great significance implicating many different groups and interests. While plaintiffs would give amici supporting them seven weeks since the district court's decision to file their briefs, their briefing schedule would slash that time by more than half for amici supporting gun regulation, who would be forced to file their briefs in just three weeks following plaintiffs' submission. Fed. R. App. P. 29(a)(6). An expedited schedule would thus impair the ability of appellees' amici to address the important issues at stake in this appeal, if they are able to file a brief at all.

Plaintiffs' lack of urgency in the district court—and in this Court—also demonstrates that there is no need for the prejudicial briefing schedule that they demand. This case did not commence until

11

years after plaintiffs obtained firearms licenses that even then did not allow them to publicly carry in the ways that they would like (SDNY ECF Nos. 50–52). Yet plaintiffs still waited nearly two months after filing the case to even seek a preliminary injunction, took no action for nearly two months after *Bruen* was decided, and did not amend their complaint following *Bruen* for months more (SDNY ECF Nos. 9, 21, 38, 47). And, when their latest, duplicative preliminary injunction motion was denied—after a monthlong adjournment initiated by plaintiffs' counsel for medical reasons (SDNY ECF Nos. 76–77)—they waited yet another month to file this motion to expedite this appeal. The delayed pace of this litigation thus does not support plaintiffs' demand for extreme speed before this Court.

### B. Plaintiffs offer no valid reason to expedite briefing.

This Court should also give little weight to plaintiffs' professed need for expedition. Plaintiffs identify no urgent need for any of them to immediately carry firearms in the manner that they desire; again, these plaintiffs possessed firearms for years before this litigation commenced, all while unable to lawfully carry their firearms openly wherever they

12

pleased or to lawfully carry them when traveling to New York City without a city-specific permit.

Instead, plaintiffs primarily contend that the Court *must* expedite the appeal, dramatically shortening defendants' time to respond to their brief, because this case arises from the denial of a preliminary injunction (ECF No. 25 at 2). But in this Circuit, the only cases that receive expedited briefing as a matter of course are "appeals from threshold dismissals," which this case plainly is not. Local Rule 31.2(b) (expedited appeals calendar).

Plaintiffs invoke 28 U.S.C. § 1657, which directs courts to "expedite" consideration of preliminary injunctions, along with several other types of actions, but that statute has nothing to do with briefing schedules. Instead, § 1657(a) concerns only the "[p]riority of civil actions" and "the order in which civil actions are heard," meaning that the Court should consider this case a "[p]riority" once it has been fully briefed. *See, e.g.*, *Ord v. Dist. of Columbia*, No. 10-7084, 2010 U.S. App. LEXIS 24156, at *1 (D.C. Cir. Sept. 30, 2010) (entering "standard briefing schedule" but granting oral argument priority pursuant to § 1657(a); *United States v. Samples*, 897 F.2d 193, 195 (5th Cir. 1990)

13

(§ 1657(a) requirements are "relative, not specific" and do not mandate disposition "within a specific time").

Nor does plaintiffs' motion even attempt to explain how any aspect of the district court's well-reasoned decision supports expedition. Instead, they simply declare that "[t]he challenged regulations so patently and obviously violate the plain text of the Second Amendment," as if merely stating it made it so (ECF No. 25 at 11). Yet they identify not a single flaw with the district court's analysis, including its conclusion that plaintiffs lacked standing regarding many of their claims or that the "historical tradition" of gun regulation in this country since the 18th century fully supports the statutory provisions at issue. Under these circumstances, there is no need to expedite this case, and potentially great harm if this Court were to do so.

## CONCLUSION

The motion should be denied.

Dated: New York, NY
April 20, 2023

> Respectfully submitted,
>
> HON. SYLVIA O. HINDS-RADIX
> *Corporation Counsel*
> *of the City of New York*
> Attorney for Municipal Appellees
>
> By: _____
> JONATHAN SCHOEPP-WONG
> Assistant Corporation Counsel
>
> 100 Church Street
> New York, NY 10007
> 212-356-2275
> jschoepp@law.nyc.gov

RICHARD DEARING
CLAUDE S. PLATTON
JONATHAN SCHOEPP-WONG
  *of Counsel*

15

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word, and according to that software, it contains 2,708 words, not including the table of contents, table of authorities, this certificate, and the cover.

_____
JONATHAN SCHOEPP-WONG