# 23-365-cv

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

JASON FREY, BRIANNA FREY, JACK CHENG, WILLIAM SAPPE,
*Plaintiffs-Appellants*,

v.

NEW YORK CITY, NEW YORK, KEECHANT SEWELL, in her Official Capacity, STEVEN NIGRELLI, in his Official Capacity,
*Defendants-Appellees,*

KEVIN P. BRUEN, Acting Superintendent of the New York State Police, in his official capacity, DEMOT SHEA, in his official capacity as NYPD Police Commissioner,
*Defendants*.

On Appeal from the United States District Court
for the Southern District of New York,
No. 21-cv-5334 (Hon. Nelson Stephen Roman)

**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF FOR AMICUS CURIAE THE TIMES SQUARE ALLIANCE IN SUPPORT OF DEFENDANTS-APPELLEES AND AFFIRMANCE**

ALAN SCHOENFELD
RYAN CHABOT
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294

October 13, 2023

*Counsel for Amicus Curiae
The Times Square Alliance*

## CORPORATE DISCLOSURE STATEMENT

The Times Square Alliance has no parent corporations. It has no stock; hence, no publicly held company owns 10% or more of its stock.

## REPLY IN SUPPORT OF MOTION FOR LEAVE
## TO FILE AMICUS CURIAE BRIEF

In a filing that is almost as long as the Times Square Alliance's whole proposed amicus brief, Plaintiffs urge the Court to deny the Alliance leave to file its brief at all. The Court should reject their arguments and grant leave.

At the outset, Plaintiffs offer a putative "standard for considering leave to file amicus brief" that this Court has never adopted and should reject now. Federal Rule of Appellate Procedure 29(a)(3) requires only that a motion for leave to file an amicus brief state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." "The criterion of desirability set out in Rule 29(b)[(3)] is open-ended, but a broad reading is prudent." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132-133 (3d Cir. 2002) (Alito, J.) ("[I]t is preferable to err on the side of granting leave."). The Alliance's proposed brief easily meets that standard: it provides information about Times Square that is relevant to the constitutional question in this case and not already brought to the Court's attention by the parties. As Supreme Court Rule 37-1 notes, an amicus brief that brings relevant matter to the Court's attention that the parties did not "may be of considerable help to the Court."

Plaintiffs try to raise a higher bar, but fail. They rely mostly on district court cases where Rule 29 does not apply (as their cases recognize) and where amicus

participation is rare. *See* Opp. 2-4 (citing, among other cases, *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *1 n.1 (S.D.N.Y. Nov. 22, 2011) (noting "Rule 29 does not govern the procedures of the district courts")). *Strasser v. Dooley*, 432 F.2d 567 (1st Cir. 1970), also considered the standards applicable to district court amicus filings. The only authority Plaintiffs cite that considers leave to file an amicus brief in an appellate court is a 120-year old single-Justice Supreme Court order, *N. Sec. Co. v. United States*, 191 U.S. 555, 555-556 (1903), and then-Judge Posner's decision disfavoring amicus briefs when he was serving as Chief Judge of the Seventh Circuit, *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616-617 (7th Cir. 2000). This Court has never adopted that restrictive view, and "[t]here is little evidence that such views are widely shared." Wright & Miller, 16AA Fed. Prac. & Proc. Juris. § 3975 (5th ed.); *see also* Magnuson & Herr, Fed. Appeals Jurisdiction & Prac. § 12:20 (2020 ed.) ("Even when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned, and adds value or additional analysis or perspectives.").

Plaintiffs then offer nine pages of merits arguments—not on why the Alliance's brief fails Rule 29's requirements, but on why Plaintiffs should win this appeal on the merits. Their section titles make it clear that these points have nothing to do with the Alliance's motion for leave: whether "'Public Safety' Was

Flatly Rejected By The Supreme Court As A Justification For Firearm Regulations," whether "The Times Square Ban Is Inconsistent With The Plain Text," and whether "Sacrificing One Constitutional Right To Lawfully Exercise Another Is Antithetical to the U.S. Constitution" are arguments that Plaintiffs can and do advance in their merits briefs, but they say nothing about whether the Times Square Alliance's amicus brief provides desirable, relevant information to the Court—which it does. The Court should disfavor Plaintiffs' use of its briefing on leave to file an amicus brief to expand the pages it can devote to its merits position.

Finally, Plaintiffs contend that the Alliance's brief is redundant of the briefs by Appellees, who have adequate counsel not in need of outside assistance. *See* Opp. 13-15. (Plaintiffs then spend several more pages once again seizing the opportunity to argue the merits.) But the Alliance did not raise the adequacy of Appellees' counsel as a basis for its motion (and agrees that they have skilled representation). And Plaintiffs are wrong that the Alliance's brief is redundant; it "brings to the attention of the Court relevant matter not already brought to its attention by the parties." Sup. Ct. R. 37-1. As the Alliance's motion explained (at 1-2), its brief provides particulars about Times Square that are relevant to the constitutional question before the Court and that Appellees were able to address in far less detail than set out in the Alliance's brief. That brief "may be of considerable help to the Court," *id.*, and leave to file it should be granted.

- 4 -

Respectfully submitted.

*/s/ Alan Schoenfeld*
ALAN SCHOENFELD
RYAN CHABOT
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294

October 13, 2023

*Counsel for Amicus Curiae*
*The Times Square Alliance*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).

1.    Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B), the brief contains 783 words.

2.    The brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(a)(7)(C), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

*/s/ Alan Schoenfeld*
ALAN SCHOENFELD

October 13, 2023