

December 4, 2023

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    *Frey v. Nigrelli*, No. 23-365

Dear Ms. Wolfe,

Appellants presented evidence below that they face felony charges under Penal Law § 265.00, *et seq.* for carrying a licensed handgun in New York City for self-defense – notwithstanding that they hold valid NYS handgun licenses issued in a county outside of the five boroughs.

Appellee New York City and the State maintain that, at worst, Appellants face misdemeanor charges under P.L. § 400.00(15) for carrying outside their licensing restrictions. [Doc. 62 at pp. 5-6; Doc. 61 at p. 7].

The district court further minimized Appellants' risk of imminent harm, finding they face a mere violation of their licensing restrictions.[1] [A156 (Denying Appellants' motion to preliminarily enjoin enforcement of § 265.00, *et seq.* against a licensed handgun owners, as "Plaintiffs' concerns are misplaced…they would at best be committing a violation of their handgun license restrictions, and subject to potential penalties under N.Y. Penal Law Section 400.00(15).")].

On November 5, 2023, Edward Santalone, with no prior arrests, was arrested, incarcerated, and charged with violating Penal Law §§ 265.03(1)(b) and 265.03(3) -- C Violent Felonies carrying <u>mandatory state prison</u> time between 3 ½ to 15 years for possessing his licensed handgun in the City.

Mr. Santalone told the NYPD officers that he holds a valid NYS pistol license and *showed it to them* at the scene, but he was still arrested and jailed. The District Attorney's Office will not entertain dismissing the charges against Mr. Santalone, or releasing his car, money, cell phone, and other personal items seized by the NYPD.

---

[1] Exclusive of "sensitive places" and "restricted locations" issues.

As argued below, Appellants face a credible threat of felony arrest and prosecution under § 265.00, *et seq.* for carrying a licensed handgun in the City for self-defense.[2] Appellants' concerns are not "misplaced."

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[2] Pending before Hon. Cori Weston, New York County Supreme Court, Criminal Term, Part GWP-1, Room 1307.