

October 29, 2024

**BY ECF**

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    *Frey v Bruen*, No. 23-365

Dear Ms. Wolfe,

I write for Appellants regarding this Court's recent decision in *Antonyuk v. James*, No. 22-2908, 2023 WL 11963034 (2d Cir. Oct. 24, 2024).

*Antonyuk* confirms the "low" and "quite forgiving" bar for pre-enforcement challenges [*Antonyuk*, at *42-44].

*Antonyuk* did not address public transportation or Times Square. Extending *Antonyuk*'s record to this case would eviscerate the right to "bear Arms." Simply insert children and other 'vulnerables' into the location and *poof* the right to self-defense disappears.[1]

*Antonyuk* reiterated that *United States v. Rahimi*, 144 S. Ct. 1889 (2024) is consistent with its methodology. But *Rahimi* rejected the prospect of disarming the "irresponsible" [*Rahimi*, 144 S. Ct. at 1903], upholding 18 U.S.C. 922(g)(8) because, *inter alia,* it "applies only once a court has found that the defendant 'represents a credible threat to the physical safety' of another…" match[ing] the surety and going armed laws, which involved judicial determinations of whether a particular defendant likely would threaten or had threatened another with a weapon." 144 S. Ct. at 1901–02.

The City's separate licensing requirement imposes criminal penalties on people who are *de facto non-dangerous* by virtue of their valid NYS handgun license [§400.00(6), (15)].

---

[1] See, *NYSRPA v. Bruen*, 597 U.S. 1, 31 (2022) ("no historical basis for New York to effectively declare the island of Manhattan a "sensitive place" simply because it is crowded and protected generally by the New York City Police Department."). The "societal problem" is "public safety," which was rejected as a basis to ban guns - privately or publicly. *D.C. v. Heller*, 554 U.S. 570, 634 (2008) (rejecting Justice Breyer's "handgun violence" interest balancing).

The challenged regulations, including the open carry ban, publicly disarm *everyone* in the absence of any "judicial determination" of dangerousness, which is inconsistent with the *preexisting* nature of the right.

Respectfully,

*Amy L. Bellantoni*
Amy L. Bellantoni


Word count: 296