
**Office of the New York State Attorney General**

**Letitia James Attorney General**

September 16, 2025

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

      Re:    *Frey v. Bruen*, No. 23-365

Dear Ms. Wolfe:

      Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of all defendants-appellees in the above-captioned case to respond to the recent letter filed by plaintiffs' counsel, regarding *McDaniels v. State of Florida*, No. 1D2023-0533 (Fla. Dist. Ct. App. Sept. 10, 2025), ECF No. 149.

      *McDaniels* is an outlier intermediate state appellate panel decision that this Court should not follow. *McDaniels* fundamentally errs in demanding a "historical twin" for modern open-carry restrictions, in contravention of the U.S. Supreme Court and this Court's precedent rejecting such a demand and requiring instead only historical regulations embodying common "principles," such as regulation of the manner of carry. *See, e.g.*, *United States v. Rahimi*, 602 U.S. 680, 692, 701-02 (2024) (citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 30 (2022)); *Antonyuk v. James*, 120 F.4th 941, 966-67, 969-71 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1900 (2025).

      Consistent with precedent and with the decision below (Appendix 169-170), courts have rejected every other Second Amendment challenge to an open-carry restriction that any party has identified, including several post-*Bruen*

challenges, *see O'Neil v. Neronha*, No. 23-cv-70, 2025 WL 2197313, at *2-3 (D.R.I. Aug. 1, 2025) (rejecting Second Amendment challenge to Rhode Island open-carry restriction), *appeal filed*, No. 25-1814 (1st Cir. Aug. 28, 2025); *Baird v. Bonta*, 709 F. Supp. 3d 1091, 1125-40 (E.D. Cal. 2023) (same for California open-carry restriction); *Sinnissippi Rod & Gun Club, Inc. v. Raoul*, IL App. (3d) 210073, ¶¶ 10-39 (Ill. App. Ct. 2024) (same for Illinois open-carry restriction); *see also Abed v. United States*, 278 A.3d 114, 129 n.27 (D.C. 2022) ("nothing in the [*Bruen*] opinion implies that a State must allow open carry"). As *McDaniels* acknowledges, the Florida Supreme Court also rejected a Second Amendment challenge to Florida's open-carry restriction before *Bruen*. *See Norman v. State*, 215 So. 3d 18 (Fla. 2017).

This Court should follow the overwhelming majority of cases that have correctly found open-carry restrictions constitutional.

                              Respectfully submitted,

                              */s/ Philip J. Levitz*

                              Philip J. Levitz
                              Senior Assistant Solicitor General
                              (212) 416-6325

cc: Counsel of record (by ECF)

Word count: 326